# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

## INTRODUCTION

I, Lionel G. Jackson, being duly sworn, depose and state as follows:

## EXPERIENCE AND TRAINING

1. I am currently a Task Force Officer of the Drug Enforcement Administration (DEA), Norfolk Resident Office (NRO). I am also a police officer with the Norfolk Police Department. I have been employed in this capacity since September 23, 2004. I have been assigned to the Norfolk Police Vice and Narcotics Division since 2007. In September of 2012, I was deputized as a Task Force Officer with DEA in Norfolk, Virginia.

2. I am familiar with the facts and circumstances of this investigation, as a result of the information received by me and summarized in the reports I have reviewed. I have compiled information derived from discussions and interviews with experienced law enforcement officers and agents. I have not set forth each and every fact learned during the course of this investigation, but have only set forth those facts that I believe are relevant to establish probable cause.

3. I submit this Affidavit in support of a criminal complaint and arrest warrant charging JERROD TAWAN JOHNSON with conspiracy (1) to distribute and to possess with intent to distribute a quantity of a mixture and substance containing cocaine, a schedule II controlled substance, and (2) to distribute and to possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(B), and (b)(1)(C).

## FACTS SUPPORTING PROBABLE CAUSE

4. In January of 2016, members of the Norfolk Police Department (NPD), Narcotics Division initiated an investigation into the illegal drug distribution activities of JERROD TAWAN JOHNSON who was suspected of distributing quantities of crack cocaine.

5. In January of 2016, Norfolk Investigator T. Sterling made contact with a cooperating witness, hereafter referred to as (CW-1), who is familiar with JOHNSON's drug dealing activities. CW-1 reported that JOHNSON was distributing quantities of powder and crack cocaine at various locations within the city of Norfolk, Virginia. CW-1 reported that JOHNSON utilized a cellphone to facilitate these drug transactions. CW-1 also reported that JOHNSON drives a red Lincoln four-door. CW-1 reported that JOHNSON utilizes this vehicle to further facilitate cocaine transactions.

6. CW-1 also agreed to cooperate with Norfolk Investigators and order a quantity of cocaine from JOHNSON. On January 15, 2016, under the direction of Norfolk Investigator T. Sterling, CW-1 placed a call to JOHNSON, and ordered 2 ounces (56 grams) of cocaine. During the conversation, Norfolk Investigators listened as JOHNSON arranged to meet with CW-1 at an apartment parking lot located in the 9600 block of 1st Bay Street in the City of Norfolk, Virginia. JOHNSON explained to CW-1 that he would arrive at the location in 45 minutes.

7. Based on the aforementioned events, Norfolk Investigators traveled to the 9600 block of 1st Bay Street, and arranged themselves in various positions of surveillance, to observe JOHNSON's arrival. Norfolk Investigator T. Sterling and other members of the NPD, transported CW-1 to the 9600 block of 1st Bay Street, and also waited for JOHNSON's arrival.

8. On this same date, at approximately 2:45 p.m., Norfolk Investigators observed a red Lincoln 4-door vehicle turn onto the 9600 block of 1st Bay Street. CW-1 quickly identified

this vehicle as the vehicle belonging to JOHNSON. As the vehicle drove past CW-1's location, CW-1 identified the driver and sole occupant of the vehicle as JOHNSON. Norfolk Investigators observed this vehicle park in an apartment parking lot located in the 9600 block of 1st Bay Street. Norfolk Investigators then approached JOHNSON and asked him to exit the vehicle. After a brief interaction with Norfolk Investigators, JOHNSON was removed from the vehicle. Norfolk Investigator T. Sterling then approached JOHNSON and issued JOHNSON his Miranda Rights, to which JOHNSON orally stated that he understood. JOHNSON then explained to Investigator T. Sterling that the cocaine was in the waistline of his underwear. Norfolk Investigator T. Sterling then recovered approximately 58.66 grams of cocaine from JOHNSON's waist. An additional $1,091 United States Currency was also recovered from JOHNSON's pants pocket.

9. JOHNSON was later transported to the Norfolk Police Operations Center, were JOHNSON declined to make any statements. The evidence was later turned over to, and maintained by Norfolk Investigator I. Boubacar. The cocaine evidence was processed in the prescribed manner and submitted to the Division of Forensic Tidewater Laboratory for analysis, which came back as a total of 55.75 grams of solid material found to contain cocaine as set forth in Certificate of Analysis #T16-393. (The material was tested for the presence of cocaine only, and has not yet been tested for the presence of cocaine base, though the appearance of the material is consistent in my experience with cocaine base.)

10. On March 8, 2016, TFO L. Jackson of the DEA Norfolk R.O. conducted an interviewed of CW-1, who was incarcerated on state weapon and narcotic violations. CW-1 volunteered to conduct this interview with the possibility for future consideration in connection with CW-1's own charges. During this interview, amongst other things, CW-1 provided a detailed history of the narcotic relationship between CW-1 and JOHNSON. CW-1 identified

JOHNSON as CW-1's primary source of supply for both powder and crack cocaine. CW-1 stated that CW-1 was introduced to JOHNSON in June of the year 2015, for the purpose of purchasing a quantity of crack cocaine from JOHNSON. CW-1 stated that over the next month, CW-1 purchased approximately 19.5 grams of crack cocaine from JOHNSON at an apartment complex in the City of Norfolk, Virginia. CW-1 stated that JOHNSON later began to give CW-1 larger quantities of powder cocaine on consignment, with the arrangement being that CW-1 would pay the remaining balance during the next transaction. CW-1 stated that over the next 2-3 months, CW-1 purchased approximately 280 grams of powder cocaine from JOHNSON. CW-1 stated that these transactions also took place within the City of Norfolk, Virginia.

## CONCLUSION

11. Based on the foregoing facts, I believe that there is sufficient probable cause to charge JERROD TAWAN JOHNSON with conspiracy (1) to distribute and to possess with intent to distribute a quantity of a mixture and substance containing cocaine, a schedule II controlled substance, and (2) to distribute and to possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(B), and (b)(1)(C).

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Lionel G. Jackson
Task Force Officer, DEA

SWORN AND SUBSCRIBED TO BEFORE ME, this _11th_ day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
Norfolk, Virginia

4